## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES P. HOLLY,
              Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
              Agency.

DOCKET NUMBER
DC-0843-15-0151-I-1

DATE: May 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles P. Holly</u>, Severn, Maryland, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal in which he challenged the Office of Personnel Management (OPM)'s calculations related to his annuity. Generally, we grant petitions such as this one only when: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, formerly a federal employee, and his wife divorced in 1999. The divorce decree incorporated the terms of a property settlement in which the appellant irrevocably assigned to his wife a pro rata share of his unreduced annuity upon his retirement. The property settlement also provided that the appellant would take all necessary steps to elect his wife as the designated beneficiary for purposes of establishing and sustaining survivor spouse coverage for her and that, in the event she elected such rights, she would exclusively bear their cost by way of a reduced benefit to her. After the appellant retired, his former wife determined that she did not want the survivor annuity inasmuch as the cost of it was too high, and she notified OPM of her wishes, requesting to waive the benefit. OPM disallowed her request, but, on appeal, an administrative judge reversed OPM's decision. On OPM's petition for review of that decision, the Board affirmed the administrative judge's decision, modifying its analysis but still finding that the appellant's former wife was entitled to waive her entitlement to the survivor annuity. *Holly v. Office of Personnel Management*, 121 M.S.P.R. 134, ¶¶ 8-14 (2014). The Board ordered OPM to grant the former wife's request

for a waiver of the former spouse survivor annuity, to immediately cease its reductions of monies withheld from her monthly annuity payments, and to reimburse her for all prior reductions taken from her monthly apportioned annuity payments. *Id.*, ¶ 15.

¶3　　　Months after the Board issued that Opinion and Order, the appellant filed a Motion for Status as a Permissive Intervenor under 5 C.F.R. § 1201.34. Initial Appeal File (IAF), Tab 1. Therein he argued that his interests had been affected by what he described as OPM's failure to enforce the Board's Order. He acknowledged that OPM, in fact, had stopped withholding the monies from his former wife's annuity but argued that it was now withholding that sum from his annuity. *Id.* at 2. He asked that his intervenor motion be granted so that he could seek enforcement of the Board's order, *id.* at 3, and he submitted a pleading that he characterized as a petition for enforcement, *id.* at 4-10. In this pleading, the appellant asked that the Board direct OPM to stop withholding the monies from his annuity and to reimburse him for what he alleged were improper withholdings over the past 6 months. *Id.* at 5. He also explained that he had elected a survivor annuity for his current spouse but that they had not been notified of the "change in entitlement," *id.* at 5 n.1, and had not observed an appropriate deduction in his annuity for that benefit, *id.* at 14. The appellant acknowledged that he had not filed his pleading within 30 days of the date of the Board's decision but claimed that he was never notified of that decision. *Id.* at 5.

¶4　　　The administrative judge treated the appellant's submission as a new appeal and assigned it a different docket number than the one assigned to the appeal of the appellant's former wife. In response to the appeal, the administrative judge issued an Order to Show Cause, *id.*, Tab 3, wherein she first addressed the appellant's motion to intervene in his former wife's appeal, explaining that, because the Board had issued a final decision in that case, there was no longer any proceeding pending before the Board in which the appellant could intervene, *id.* at 1-2; *see* 5 C.F.R. § 1201.34(a). The administrative judge acknowledged

that the appellant could file his own appeal of a final decision issued by OPM regarding his annuity but that it did not appear that such a decision had been issued. IAF, Tab 3 at 2. The administrative judge ordered the appellant to file evidence and argument to show that his appeal was within the Board's jurisdiction, *id.*, but he did not respond.

¶5 The administrative judge dismissed the appellant's appeal for lack of jurisdiction, finding that he presented no evidence or argument that OPM has issued a final or reconsideration decision in the matter about which he complained. *Id.*, Tab 6, Initial Decision at 2-3.

¶6 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

¶7 The administrative judge correctly found that the Board has jurisdiction over an OPM determination affecting an individual's rights or interests under a retirement system only after OPM has issued a final or reconsideration decision. ID at 2; *see Tatum v. Office of Personnel Management*, 82 M.S.P.R. 96, ¶ 17 (1999); 5 C.F.R. § 831.110. The appellant acknowledges that there is no OPM decision "in [his] name." PFR File, Tab 3 at 5. As OPM explained below, and reiterates in its response to his petition for review, it is in the process of taking appropriate action to make necessary adjustments to the appellant's annuity, and, when those actions are complete, it will provide him with a written decision explaining its calculations from which he can request reconsideration. IAF, Tab 5; PFR File, Tab 3 at 5. Upon his receipt of a reconsideration decision, the appellant, if dissatisfied, may file an appeal with the Board. 5 C.F.R. § 831.110.

¶8 On review, the appellant argues that, notwithstanding the Board's Opinion and Order in his former wife's appeal, the agency still names her, and not his current wife, as the beneficiary of his survivor annuity. PFR File, Tab 1 at 5. He has submitted a December 17, 2014 annuity statement, which appears to support his claim. *Id.* at 8. However, while the proffered evidence may be new, it is not material to the dispositive jurisdictional issue in this case, and we have therefore

not considered it.[2] *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶9      The appellant also argues that the administrative judge erred in not granting him intervenor status regarding his former wife's appeal. PFR File, Tab 1 at 4. The appellant failed to challenge before the administrative judge in this appeal her ruling denying his request for such status. His failure to object to that ruling below precludes him from challenging it on review.[3] *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] In response to the appellant's petition for review, the agency has submitted a current copy of its "Master Record Print Out" listing the appellant's current wife as the beneficiary of his survivor annuity. PFR File, Tab 3 at 4-6.

[3] In any event, we fail to see how the appellant was directly affected by the outcome of the proceeding which formed the basis of *Holly v. Office of Personnel Management*, 121 M.S.P.R. 134 (2014), inasmuch as that decision directed OPM to make specific adjustments only to the appellant's former wife's annuity.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.